UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAUL URRELY MARTIN,

      Petitioner,

v.                                        Case No.  2:26-cv-1530-JES-KRH

MARKWAYNE MULLIN, et al.,

      Respondents.
_____/

## ORDER

Before the Court are Petitioner Raul Urrely Martin's petition for writ of habeas corpus (Doc. 1) and the government's response (Doc. 5).  For the reasons below, the Court grants the petition to the extent set forth in this Order.

## I.   Background

Martin is a 31-year-old native and citizen of Cuba who has lived in the United States for four years.  (Doc. 1 at 3).  He entered the country without inspection in 2022.  (Id.)  Immigration and Customs Enforcement (ICE) agents encountered Martin in April of 2026.  (Doc. 5 at 1).  ICE detained him and issued a notice to appear.  (Id.)  The notice set a bond hearing for April 30, 2026, but the petition does not reference a bond hearing, and it does not appear that a hearing occurred.  (Id. at 1–2).  Martin is currently detained at Glades County Detention Facility.  (Doc. 5

at 2).   He seeks, among other things, an 8 U.S.C. § 1226(a) bond hearing before an immigration judge.   (Doc. 1 at 13-14).

In response to the petition, Respondents acknowledge that under the Eleventh Circuit's recent opinion in citing Hernandez Alvarez v. Warden, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026), "[Martin] appears entitled to an individualized bond hearing under 8 U.S.C. § 1226(a)."   (Doc. 5 at 4).   Respondents request ten days to arrange the hearing.   (Id. at 5).

## II.  Discussion

Under 8 U.S.C. § 1226(a) of the Immigration and Nationality Act (INA), the government is authorized "to detain certain aliens already in the country pending the outcome of removal proceedings[.]"  Jennings v. Rodriguez, 583 U.S. 281, 289 (2018). But 8 U.S.XC. § 1226A(a) provides additional safeguards, including the right to an individualized bond hearing.  Id. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.")(citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Eleventh Circuit recently addressed the issue of whether "unadmitted aliens found in the interior of the United States are eligible for bond as they go through immigration proceedings." Hernandez Alvarez, 2026 WL 1243395, at *1.  The Court determined that "no-bond detention generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are

simply present here." Id.  And Respondents recognize that, under this holding, Martin is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a).

The Court will thus order Respondents to either release Martin or bring him before an immigration judge within ten days for a merit-based § 1226 bond hearing where the government must show that he is a flight risk or danger to the community.  To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of all evidence properly submitted by the petitioner and the factors announced in In re Guerra, 24 I. & N. Dec. 37 (BIA 2006).  Martin's counsel must receive at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.  If Respondents are unable to ensure that Martin timely receives the meaningful and thorough bond hearing to which he is entitled under § 1226(a), they must release him.

Accordingly, it is **ORDERED:**

1.   Raul Urrely Martin's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

2.   Within **TEN (10) DAYS,** Respondents shall either provide Martin with the statutory process required under § 1226—which includes a merit-based bond hearing—or release him under reasonable conditions of supervision.

3

3.    If Respondents release Martin, they shall facilitate his transportation from the detention facility by notifying his counsel or family of when and where he may be collected.

4.    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on May 19, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

4